WEATHERTON v. TAYLOR.

Opinion delivered June 26, 1916.

1. APPEAL AND ERROR—CUSTODY OF CHILD—ORDER CHANGING CUSTODY TRIAL ORDER.—An order of the chancery court temporarily transferring the custody of a child, from the custody of one parent to that of another, the parents being divorced, and permitting the removal of the child beyond the jurisdiction of the court, is a final order from which an appeal may be prosecuted.

2. APPEAL AND ERROR—CUSTODY OF CHILD—FINALITY OF ORDER.—An appeal will lie from an order of the chancery court with respect to the custody of a child of divorced parents.

3. EQUITY JURISDICTION—CUSTODY OF CHILD OF DIVORCED PARENTS—PETITION TO CHANGE CUSTODY—DUTY OF COURT TO HEAR TESTIMONY. —The original decree granting a divorce and awarding the custody of the child to the father is a final adjudication that the father, and not the mother, is the proper custodian of the child, and before an order can be made changing the custody of the child, there must be proof taken on the subject which will show a justification of the same. *Semble*. If the court finds that the mother is a proper person, under the facts, to have possession of the child, and that she will comply with the orders of the court, it may permit her to have the custody of the child in another jurisdiction, for a stated period.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed.

*Manning, Emerson & Morris,* for appellant.

1.   The decree is a final order within the meaning of our statute.   52 Ark. 224; 88 *Id.* 590; 100 *Id.* 496; 25 *Id.* 420; 28 *Id.* 92; 44 *Id.* 46; 30 *Id.* 73; 79 *Id.* 473; 28 *Id.* 92; Kirby's Dig., § 1188.

2.   The decree was erroneous because (1) the court was without authority to make the order after term time touching the custody of children.   Kirby's Dig., § 2681; *Ib.* 2683; 40 S. E. 335; (2) because there is no evidence of change of conditions.   38 Ark. 119; 98 *Id.* 193; 45 Ark. Law Rep. (No. 11) 594; 95 Ark. 355; 66 S. W. 414; 65 Pac. 546; 82 *Id.* 177; 8 Ohio Ct. Rep. 87; 74 Ia. 681, 39 N. W. 102; 50 W. Va. 113, 40 S. E. 335; 68 S. W. 753; 39 N. W. 102.

3.   If not a final order, the decree should be quashed as one made without authority.   Kirby's Dig., § 1186; 101 Ill. App. 187; 11 Ill. (11 Peck) 43; 70 Ill. App. 572; 15 How. Pr. 167; 151 S. W. 786.   The precise question was involved in 86 Ark. 64.

*Grover T. Owens,* for appellee.

1.   The order was merely interlocutory—not final. Kirby's Dig., § 1188; 8 Wend. (N. Y.) 219; 93 Md. 97; 9 W. Va. 26; 52 Ark. 224; 113 *Id.* 185; 92 *Id.* 174; 100 *Id.* 496; 45 A. L. R. 11; 142 Pac. 918.

2.   The court had authority to make the order.   82 S. E. 119.   No abuse of discretion is shown.   9 R. C. L. 286, 291.

3.   If the order can not be appealed from it should not be quashed as on *certiorari.*

McCULLOCH, C. J.   Appellant and appellee were formerly husband and wife, but in the year 1912 were divorced by a decree of the chancery court of Pulaski County.   There is a child, the issue of said intermarriage, a girl, who was about three years of age at the time the divorce was granted, and the chancery court in its decree awarded the custody of the child to appellant, the father. There was a clause in the decree reciting that the court retained jurisdiction over the custody of the child for the

purpose of making further orders from time to time as might be considered proper upon consideration of the circumstances. Appellant has continued to reside in the city of Little Rock, and resides here now. Appellee removed to Dallas, Texas, and is living there now.

Each of the parties has married again, and appellee filed a petition in the chancery court of Pulaski County on May 25, 1916, asking that the custody of the child be awarded to her during the summer vacation and that she be permitted to take the child with her to her home in Dallas. It is alleged in the petition that appellee has been married for the past four years and has a comfortable home in Dallas, and that she and her husband are capable of taking proper care of the child. Appellant filed an answer, denying that appellee has a suitable home in Dallas, or that she is a suitable person or is of sufficient financial ability to take proper care of the child. Without hearing any testimony, and over objections of appellant, the court rendered a decree awarding the custody of the child to appellee "until the further orders of this court, but not later than one week before the opening of the public schools in the city of Little Rock, Arkansas, in the fall of 1916." The decree further specified that appellee could take the child with her to Dallas, but she was required to execute a bond in the sum of one thousand dollars, conditioned that she would return the child to the custody of appellant when ordered by the court, not later than one week before the opening of the public schools. An appeal has been duly prosecuted to this court, and an order was made by one of the judges of the court superseding the decree of the chancery court. Said order of supersedeas has been extended by this court until the cause can be heard on its merits.

(1-2) The first question presented is whether or not the order of the chancery court temporarily transferring the custody of the child from appellant to appellee, and permitting the latter to remove the child beyond the jurisdiction of the court, is a final order so as to be appealable. We are of the opinion that the order is final in the sense

that the complaining party has a right to prosecute an appeal to this court. The chancery court has a continuing power with respect to the custody of the child, even without a reservation in the decree, and any order which the court may from time to time make can be subsequently changed on sufficient showing of a change in the circumstances. An order of the chancery court with respect to the custody of a child is never final in the sense that it is unchangeable, but any change in the custody of the child deprives the parent who has the custody of a substantial right and the order may be appealed from.

When only property rights are involved in litigation, the court under some circumstances may impound the subject-matter of the litigation for the purpose of preserving it, and an order of that kind is interlocutory; but not so when the order concerns the custody of a child, for it is not the child itself that is the subject of the controversy, in a property sense, but the right to enjoy the privilege of having it in custody. When one is deprived of that right for any appreciable length of time, it is a final adjudication of the rights of the parties to that extent and an appeal may be prosecuted. An interlocutory order may be made relating solely to the right to visit a child without depriving the parent of the custody, and that sort of an order would not be final and appealable. But an order which deprives a parent of the custody of the child for any length of time is, as before stated, different in effect and constitutes a final order.

(3) The only remaining question is whether or not the court erred in ordering the change in the custody without hearing proof on the issues presented in the pleadings. The contention of appellant is that the court committed error in making such an order without proof, and we are of the opinion that that contention is sound. While chancery courts possess a continuing power over the matter of custody of a child which has been awarded to one of the parents, it does not follow that an order changing the status can be made without proof showing a change in circumstances from those which existed at the

time the original order was made. The original decree constituted a final adjudication that appellant, and not appellee, was the proper one to have the child, and before an order can be made changing the status there must be proof on the subject justifying the change.

The following statement of the law on the subject is found in 9 Ruling Case Law, page 476: "A decree made at the time of the divorce can not anticipate the changes which may occur in the condition of the parents, or in their habits and character, and their fitness to have the custody and care of the children. The parent having the custody of the children may marry; may become poor and unable properly to maintain and educate them; may become vicious and morally unfit to have the control of children. These changes, and other sufficient causes, may make it necessary for the good of the children that their custody should be changed. * * * Moreover, a delinquent parent may, in the course of time, become entirely fit to have and retain the custody of his or her child. And so it has been held that the presumption of unfitness on the part of a father for the custody of his child, raised by refusal of the court to award it to him upon granting a decree of divorce against him, is overcome by evidence of an exemplary life for many months after the passing of the decree. A decree fixing the custody of a child is, however, final on the conditions then existing, and should not be changed afterward unless on altered conditions since the decree, or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child."

There has been no decision of this court on the precise point, but several decisions clearly recognize the correctness of the above stated rule. Thus it was said in *Meffert* v. *Meffert,* 118 Ark. 582, that an order of the chancery court awarding custody of the child to one of the parents "is not a final one, and that it may be changed at any future time by the chancellor for cause." In the recent case of *O'Kane* v. *Lyle,* 123 Ark. 242, we held that it was error for the chancery

court to change an order concerning an allowance for the support of a child without taking proof to show a change in the circumstances. It was held, in other words, that the original decree was a bar to any further order until there was shown a change in the circumstances of the parties. The same principle applies with respect to the change of the custody of the child. Several cases cited by appellant on the brief support this view.

In *Koontz* v. *Koontz* (Wash.), 65 Pac. 546, the court said: "A decree of the superior court, which determines the custody of infant children, from which no appeal has been taken, is conclusive upon the court which rendered the decree and upon all other courts, in the absence of a material change in the condition and fitness of the parties, or the requirements for the welfare of the child."

The order is defended on the ground that the chancellor had personal knowledge of the parties and their fitness, respectively, to care for the child. It is suggested in the argument of counsel for the appellee that the chancellor often had the parties before him and conferred with them. That, however, is not sufficient basis for a decree adjudicating the rights of the parties. The personal knowledge of the chancellor is not judicial knowledge of the court, for there is no way of testing the accuracy of knowledge which rests entirely within the breast of the court.

It is also argued that the court erred in permitting the child to be taken beyond the jurisdiction of the court, but that question can only be decided when proof is taken establishing the circumstances of the parties. We do not hold that it is beyond the power of a court to make such an order, for if the established facts justify the conclusion that the mother of the child is capable of giving proper care to the child, and that she will comply with the orders of the court, it would not be beyond the power of the court to permit her to take the child to her home in another State.

For the error in entering a decree in the absence of proof, the decree is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.