KIRBY *v.* KIRBY.

4-3586

Opinion delivered November 12, 1934.

*George R. Steel,* for appellant.
*Tom Kidd,* for appellee.

JOHNSON, C. J. The unfortunate marital troubles of appellant and appellee were thoroughly and sufficiently aired in the case of *Kirby* v. *Kirby,* 184 Ark. 532, 42 S. W. (2d) 995, and the curious are referred thereto for a complete history of the case. It will be noted in the opinion referred to that appellee was awarded the custody of the infant, Nelda Jean Kirby, with the right of visitation at all reasonable times by appellant, and appellant was directed to pay to appellee for the maintenance and support of said infant $15 monthly. To the credit of appellant, it may be said these payments have been promptly met up to this time. Subsequently to the rendition of the opinion, as aforesaid, appellant filed an independent suit for divorce, and a decree in this behalf was duly entered. This proceeding was instituted by appellant against appellee in the Pike County Chancery Court, seeking a modification of the order previously referred to awarding the custody of the child to appellee and directed appellant to contribute $15 per month for the

child's maintenance. Testimony was heard upon the motion by the chancellor, and the previous order was modified to the extent of awarding to appellant the custody of the infant one week out of four, and by reducing the allowance of maintenance from $15 per month to $12.50 per month. Appellant, conceiving that he received insufficient relief, has appealed here.

It is the well-settled doctrine in this State that the chancellor, in awarding the custody of an infant child or in modifying such award thereafter, must keep in view primarily the welfare of the child, and should confide its custody to the parent most suitable therefor, the right of each parent to its custody being of equal dignity. Act 257 of 1921. *Caldwell* v. *Caldwell*, 156 Ark. 383, 246 S. W. 492; *Jackson* v. *Jackson*, 151 Ark. 9, 235 S. W. 47.

In *Weatherton* v. *Taylor*, 124 Ark. 579, 187 S. W. 450, we approved the rule as stated in 9 R. C. L., p. 476, as follows: "A decree fixing the custody of a child is, however, final on the conditions then existing, and should not be changed afterwards unless on altered conditions since the decree, or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child."

Without setting out in detail the testimony adduced upon the hearing for the modification of the previous order, it suffices to say that the only material changes established in the circumstances of the parties and the child are that the child is now almost four years of age and was only an infant at the time of the previous order, and the father or appellant has remarried.

We are unwilling to overturn the chancellor's finding of fact in regard to the custody of the child upon the showing made. It is the uniform practice in this court that a chancellor's finding of fact will not be overturned on appeal unless found to be clearly against the preponderance of the testimony. *Eureka Stone Co.* v. *First Christian Church*, 86 Ark. 212, 110 S. W. 1042; *Scott* v. *McCraw, Perkins & Webber Co.*, 119 Ark. 135, 177 S. W. 901; *Vaughan* v. *C. R. I. & P. Ry. Co.*, 120 Ark. 37, 179 S. W. 165.

No error appearing, the decree is affirmed.