MILLER *v.* MILLER.

4-7680                                      189 S. W. 2d 371

Opinion delivered June 18, 1945.

*H. K. Toney,* for appellant.

*Maurice L. Reinberger,* for appellee.

MILLWEE, J. This appeal is from an order of the chancery court overruling appellant's motion to modify a decree rendered on May 22, 1944, in which he was

granted a divorce from appellee, and the custody of their two minor children was awarded to the mother of appellee.

The original complaint for divorce was filed and heard on the day the decree was entered. The complaint alleged that the parties had agreed that appellee's mother should have custody of said children until further orders of the court, and that appellant would pay $20 semi-monthly for their support. It was also alleged that property rights had been settled out of court. The decree awarded custody of the children and ordered payment of support money as provided in the agreement set out in the complaint and concluded as follows: "It is further ordered and decreed that the court retains jurisdiction over this cause for the purpose of making further orders as to the welfare of said minor children as circumstances and new conditions may arise."

Before the case was heard, the parties met in the office of appellant's attorney and appellant contends that it was agreed that his mother-in-law should have custody of the children until he could arrange for a place to care for them, while appellee insists that it was agreed that she should have custody of the children upon her agreement to relinquish her rights in the property of appellant.

Appellant filed the motion to modify the decree on September 8, 1944, in which it was alleged that the agreement that the grandmother of said children should have their care and custody was temporary, and that appellant had no one to care for said children at the time the decree was entered; that appellant had since remarried and his present wife was of good character and was experienced in caring for small children; that appellee was still an improper person to care for said children, and that the home of the grandmother was an improper place for them to be reared; that appellant had a good home and position and was able and prepared to properly care for said children.

At the hearing on the motion for modification of the decree on September 19, 1944, appellee filed a response in which she set up the alleged agreement to relinquish

her property rights to appellant upon the condition that she have custody of the children. It was further alleged in her response that she was the proper person to have custody, and that there had been no change in the status of the children since the original decree was rendered. The chancellor overruled and dismissed the motion of appellant, and this appeal follows.

The parties to the suit were married on May 11, 1940, and resided near Pine Bluff where the two children, a boy and a girl, were born. Appellant was employed in the Cotton Belt railway shops. In December, 1943, appellee decided to seek employment apparently over the objections of appellant. She drove a cab for a week and then took a job at the Pine Bluff Arsenal where she was still employed in September, 1944. Appellee took the two children to the home of her mother and both parties contributed to their support. Appellee left appellant in April, 1944. Appellant visited his children daily after they were taken to the house of their grandmother and has continued to manifest an interest in their welfare.

By § 6205 of Pope's Digest it is provided that, where the husband and wife are living apart, there shall be no preference between them as to the custody of their children, but that in each case the welfare of the child must be considered first in determining the custody of such child. The statute has been construed in many cases as requiring the courts, in awarding or changing the custody of children, to regard the welfare of the child as the first and primary consideration. In the case of *Kirby* v. *Kirby,* 189 Ark. 937, 75 S. W. 2d 817, the applicable rule is stated as follows: "It is the well-settled doctrine in this state that the chancellor, in awarding the custody of an infant child or in modifying such award thereafter, must keep in view primarily the welfare of the child, and should confide its custody to the parent most suitable therefor, the right of each parent to its custody being of equal dignity. Act 257 of 1921; *Caldwell* v. *Caldwell,* 156 Ark. 383, 246 S. W. 492; *Jackson* v. *Jackson,* 151 Ark. 9, 235 S. W. 47.

"In *Weatherton* v. *Taylor,* 124 Ark. 579, 187 S. W. 450, we approved the rule as stated in 9 R. C. L., p. 476, as follows: 'A decree fixing the custody of a child is, however, final on the conditions then existing, and should not be changed afterwards unless on altered conditions since the decree, or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child.' "

Appellee earnestly insists the decree of May 22, 1944, was final, and that no change in circumstances has been shown which will justify a modification thereof. While the original decree awarding custody was apparently entered under the agreement of the parties, and it seems doubtful that the chancellor was fully apprised of conditions then existing, the decree was, nevertheless, final. In determining whether there has been a change in conditions and circumstances which will warrant a change of custody, we must keep in view primarily the welfare of the children and the principle that custody is not awarded to gratify the feelings of either parent, or with any idea of punishing or rewarding either parent. *Hamilton* v. *Anderson,* 176 Ark. 76, 2 S. W. 2d 673. In so doing, we give slight consideration to the respective contentions of the parties as to their understanding of the agreement which possibly formed the basis of the award of custody made in the original decree. In the case of *Daily* v. *Daily,* 175 Ark. 161, 298 S. W. 1012, Chief Justice HART, speaking for this court, said: "In this connection it may be said that, whatever the result of the agreement between the husband and wife with respect to the custody and support of their minor child, such agreement does not affect the right of a court of equity to award the custody of the child to either parent and to make reasonable provision for its support and education. The reason is that the public has an interest in the matter, and that the interest of the child is the paramount consideration of the court."

After careful consideration of the testimony adduced at the hearing on the motion to modify the original decree, we are convinced that the preponderance thereof

shows such change in conditions and circumstances as warrants a transfer of custody of the children from the grandmother to the father. Appellant has remarried and his present wife has had several years experience in housekeeping and caring for children. Her character is not questioned, and she has manifested a desire to properly care for the children. The grandmother is burdened with housekeeping work for a group of eleven. Her husband is unable to work, and there are six of her own children, three of whom are under 18 years of age. She also has the care of a second child of an unmarried daughter and the two children of appellant and appellee. The eleven live in a five-room house near Dew Drop Inn, and the family has resided at four different places in as many years. The young son of the parties has learned the use of profanity and other bad habits, according to the testimony of the father.

In the case of *Baker* v. *Durham,* 95 Ark. 355, 129 S. W. 789, this court held, to quote a headnote: "An order of the chancery court placing the infant child of divorced parents in the custody of the mother's parents will be reversed, and the custody placed in its father where he is financially able and is not shown to be otherwise unfit to have its custody and has manifested a proper affection for the child." In that case the divorce was granted to the father and the custody of the infant was awarded to the mother who remarried and left the child with her parents. Upon petition for modification of the decree by the father the chancellor awarded custody to the grandfather. In reversing the trial court and awarding custody to the father, this court said: "Since the court has seen proper to take the custody of the child from·the mother, we are of the opinion that under the evidence adduced it should have next bestowed it, at his request, upon the father. The grandfather, for aught that appears, was not asking it, and there is no evidence to show that he was better able, financially or otherwise, to provide for the child. Nor does the evidence show that these grandparents were lavishing such wealth of attention and affection upon this child as to render it inhuman, either to them or the child, to take her away from them and give

her to her father." It was also said in that case that, "as between the parent and grandparent, or anyone else, the law prefers the former unless the parent is incompetent or unfit, because of his or her poverty or depravity, to provide the physical comforts and moral training essential to the life and well-being of the child."

We think the preponderance of the evidence shows that the father is so circumstanced as to enable him to provide a better home and more wholesome environment for the children than is the grandmother, and that it is to the best interests of the children that their custody be changed to the father.

The decree of the trial court will, therefore, be reversed, and the cause remanded, with directions to award the custody of both children to appellant, reserving to appellee the right to visit them at all reasonable times and places.