PHELPS v. PHELPS.

4-7605                                             189 S. W. 2d 617

Opinion delivered October 1, 1945.

*E. W. Brockman,* for appellant.

*Maurice L. Reinberger,* for appellee.

SMITH, J. Appellant and appellee were married in 1928, and lived together until February, 1944. Three children were born to them, a son, Charles, age 10, a daughter, Wilma Jane, age 7, and a son, Vester, age 5 years.

After their separation, Mrs. Phelps brought suit for divorce, and for custody of her children. A decree granting her a divorce was rendered March 21, 1944, and alimony in the sum of $25 per month was allowed her. The custody of their children was awarded the father, with the privilege to the mother of visiting them at reasonable times. No appeal was taken from this decree, but within the time when an appeal might have been prosecuted—May 22, 1944—Mrs. Phelps filed a petition for a change of custody, which petition was heard June 21, 1944, and denied, and from that decree is this appeal.

The attorney who represented Mrs. Phelps in the original suit advised her that an appeal might be taken from the decree awarding the custody of the children to Mr. Phelps, but instead of appealing as she might have done, Mrs. Phelps employed another attorney, who filed a motion for change of custody.

The record in the case makes the fact appear that the custody of the children was awarded to the father

for the reason that in the opinion of the court, Mrs. Phelps was not physically and mentally capable of taking care of the children. This opinion was evidently based upon the testimony of Mr. Phelps' employer, who testified in the case and expressed that opinion.

We have many cases dealing with the circumstances and conditions under which an order of court awarding custody of minor children could and would be changed, the most recent of these being the case of *Miller* v. *Miller,* 208 Ark. 1058, 189 S. W. 2d 371, in which case we have only today overruled a petition for rehearing. In that case we said: "In *Weatherton* v. *Taylor,* 124 Ark. 579, 187 S. W. 450, we approved the rule as stated in 9 R. C. L., p. 476, as follows: 'A decree fixing the custody of a child is, however, final on the conditions then existing, and should not be changed afterwards unless on altered conditions since the decree, or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child.' " We also there quoted from the case of *Kirby* v. *Kirby,* 189 Ark. 937, 75 S. W. 2d 817, as follows: "It is the well-settled doctrine in this state that the chancellor, in awarding the custody of an infant child or in modifying such award thereafter, must keep in view primarily the welfare of the child, and should confide its custody to the parent most suitable therefor, the right of each parent to its custody being of equal dignity. Act 257 of 1921. *Caldwell* v. *Caldwell,* 156 Ark. 383, 246 S. W. 492; *Jackson* v. *Jackson,* 151 Ark. 9, 235 S. W. 47." In this Miller case, *supra,* we reversed the action of the chancellor, who had refused to change the custody of two minor children.

In the Chapter on Divorce, 27 C. J. S., p. 1188, § 317, the law is stated as follows: "To justify a substantial modification there must be a change of circumstances or the discovery of material facts unknown to the court at the time of the original decree. The welfare of the child is controlling, and in determining this a number of factors may be considered.

"To justify a substantial modification of the decree awarding custody of the children, there must be shown

a change of circumstances or the discovery of material facts existing, but unknown to the court, at the time of the rendition of the decree. If the welfare of the child so requires, the decree may be modified without a change of circumstances, on the presentation of facts which although existing at the time of the original decree were not then presented or considered. The welfare of the child is the controlling consideration, and whenever it is shown that it is best for the welfare of the child that it be transferred from the custody to which it was awarded, the court will in its discretion modify the decree; otherwise modification is properly denied. The decree should not be modified merely to conform to the wishes of a parent, nor should it be modified for the reward or punishment of a parent, but the rights and wishes of the parents should, if possible, be considered. The court will take a child of tender years away from the mother to whom it was awarded only for the most cogent reasons."

Among the numerous cases cited in the notes to the text quoted are our cases of *Caldwell* v. *Caldwell*, 156 Ark. 383, 246 S. W. 492; *Stone* v. *Crofton*, 156 Ark. 323, 245 S. W. 827; *Jackson* v. *Jackson*, 151 Ark. 9, 235 S. W. 47; *Nelson* v. *Nelson*, 146 Ark. 362, 225 S. W. 619.

The record affirmatively shows that the parties to this litigation are good people, but of humble circumstances, and we have the view that had the divorce been denied, they would have composed their differences and would have resumed their marital relations. In appellee's brief, it is said, "There has been no effort consciously or unconsciously to question the moral character of the appellant. It is freely admitted that that is beyond question."

We are, however, primarily concerned with the welfare of these children, the eldest only 10 years and the youngest 5 years of age, the other a girl 7 years of age. We cannot order the restoration of this home, and must be content to make such order as will be least harmful to the children. We have in mind the fact that the custody of these children was awarded to the father in a

decree from which no appeal was taken, and that order must stand until some valid reason is shown for a change, and the text from which we have just quoted states the circumstances and conditions under which a change of custody will be ordered.

Has there been any change of circumstances? We think there has been a change in two particulars at least, and these we proceed to discuss. The decree awarding custody to the father gave the mother the right of visitation at all reasonable times, and we think there has been a substantial denial of this right. Mrs. Phelps testified that the right of visitation was not denied, but was accorded under circumstances which made its exercise very unpleasant. .Several letters written by the oldest child for himself and his brother and sister to Mrs. Phelps were offered in evidence, which manifest the tenderest affection for their mother, and their longing for her companionship. One of these letters strongly corroborates the testimony of Mrs. Phelps, that her visits to her children were made very unpleasant by Mr. Phelps:

"Dear Mother: How are you getting along this rainy A. M. I don't know why we haven't heard from you this week. We were looking for you this evening on the bus you did not come. Daddy will be gone Saturday night so you can come and he won't know it. If you don't come be sure to come to Pine Bluff Sunday. So by by, Mrs. Jones and all Yours son Charles."

The Mrs. Jones mentioned in this letter was Mr. Phelps' housekeeper.

The child had, of course, noticed how his mother had been received, and ascribed to this treatment her failure to make an expected visit, and he suggested to her a surreptitious visit when his father would not be at home. The import of this letter cannot be mistaken and evidences a change of circumstances from those contemplated by the chancellor when he awarded the right of visitation.

The record reflects that in awarding custody of the children to the father, the chancellor was under the an-

prehension that the mother was not physically and mentally capable of taking care of the children. She passed the physical examination required to secure employment at the Pine Bluff Arsenal, a government war project, where she earned good wages. As that employment is now terminated she may, if awarded the custody of her children, require financial assistance from the father; if so, the law provides facilities whereby it may be obtained.

We think it is to the best interest of these children that the mother have their custody, especially the little boy, and more especially the little girl, and as we think it to the best interest of the children that they should not be separated, the mother will be awarded the custody of all of them.

The decree of the court will, therefore, be reversed, and the cause remanded with directions to award the custody of the children to appellant, reserving to their father the right to visit them at all reasonable times and places.