Beavers *v*. Smith.

5-285                                         264 S. W. 2d 617

Opinion delivered February 1, 1954.

[Rehearing denied March 8, 1954.]

*Coffelt & Gregory,* for appellant.

*Wood & Smith,* for appellee.

J. SEABORN HOLT, J. This suit is a contest between the father of two boys,—one approximately eleven years of age and the other ten,—and their foster grandmother, over their care and custody. The case has been before us on two former occasions (in June, 1948, and again in 1949, *Smith* v. *Smith,* 213 Ark. 636, 212 S. W. 2d 10 and *Smith* v. *Smith,* 215 Ark. 862, 223 S. W. 2d 772) and on each, we affirmed the decree of the trial court which had awarded the custody of these children (one being erroneously referred to as a little girl) to their grandmother (appellant here). On petition of appellee April 27, 1952, the trial court, on August 28, 1953, took these children from appellant and awarded appellee their care and custody, and this appeal is from that decree.

The question now presented is whether, since the court's last order in 1949 continuing the care and custody of these children in appellant, appellee has shown such changed conditions as would warrant a modification of that decree, and an award of the custody to appellee, the burden being on him. We hold that appellee has failed to meet the burden imposed and that the trial court erred in modifying its former decree. Reference is made to our former opinions above for statements of essential facts. After a careful review of the testimony, we find no substantial change in conditions affecting the welfare of these children, since custody was awarded appellant. It is conceded that appellant and her husband, Dan Beavers, are good people, and are suitable, financially able, and anxious to continue to have the care and custody of these boys. In fact, it seems that both are bestowing upon these children all the love, care and affection that would be expected of natural parents.

About the only change shown by appellee is the fact that he now owns a home in Louisiana, is financially able to care for the boys, and has a child by his second wife, and she now joins him in his plea to have their

custody. The fact remains, however, as pointed out in our former opinions, that appellee gave these children to their grandmother willingly, practically abandoning them, and they have remained with appellant and her husband (grandparents) all of their lives except for about sixty days. For almost ten years, appellee contributed nothing to their support and appeared indifferent to their well being. Not until June, 1952, did he make any contribution towards their support and then only in obedience to an outstanding court order, and apparently in preparation for the present litigation.

Both children testified that they wanted to remain with their "grandmother and granddaddy." During all this time, with appellee's assent, ties of love and affection have grown strong between these children and their grandmother which appellee is obligated to respect.

In a long line of cases, we have consistently adhered to the well established rule: " 'In determining the custody of a minor child, the welfare of the child is the supreme and controlling consideration. In the comparatively recent case of *Kirby* v. *Kirby*, 189 Ark. 937, 75 S. W. 2d 817, we said: 'It is the well-settled doctrine in this state that the chancellor, in awarding the custody of an infant child or in modifying such award thereafter, must keep in view primarily the welfare of the child. * * * A decree fixing the custody of a child, is, however, final on the conditions then existing and should not be changed afterwards unless on altered conditions since the decree, or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child.' See, also, *Phelps* v. *Phelps*, 209 Ark. 44, 189 S. W. 2d 617. The party seeking a modification of a divorce decree awarding custody of a minor child assumes the burden of showing such a change in conditions as to justify such modification. *Kirby* v. *Kirby, supra*, and *Seigfried* v. *Seigfried* (Mo. App.), 187 S. W. 2d 768;' *Blake* v. *Smith*, 209 Ark. 304, 190 S. W. 2d 455.

"We also said in *Graves* v. *French*, 209 Ark. 564, 191 S. W. 2d 590, (quoting from *Verser* v. *Ford, et al.,*

37 Ark. 27) : 'This is a contest for the custody and nurture of an infant girl of tender age, whose mother died at her birth, and who, from the first two or three days of her existence, has been cared for and kept by the grandparents. The father now demands the child again, having since married, and being in circumstances to provide and care for it. * * * The father has shown himself to be a moral man, with the means of discharging his parental obligation. Certainly, under the circumstances, if he had been in possession of the child, no chancellor could have found warrant in equity for taking her away to be placed under the grandmother's care. But it cannot be ignored that the case does not present that attitude. The child was placed where she is by the father's assent, and has so remained. By his assent ties have been woven between the grandmother and granddaughter, which he is under strong obligation to respect, and which he ought not wantonly and suddenly to tear asunder,' '' *Smith* v. *Smith*, 213 Ark. 636, 212 S. W. 2d 10.

'' 'The law recognizes the preferential rights of parents to their children over relatives and strangers, and, where not detrimental to the welfare of the children, they are paramount, and will be respected, unless special circumstances demand that such right be ignored. * * * The courts will not always, however, award the custody of infants to the father, but, in the exercise of a sound discretion, will look into the peculiar circumstances of the case and act as the welfare of the child appears to require, considering primarily three things: (1) Respect for parental affection, (2) Interest of humanity generally, (3) The infant's own best interest.' * * * '' *Henry* v. *Janes*, 222 Ark. 89, 257 S. W. 2d 285.

In *Mantooth* v. *Hopkins*, 106 Ark. 197, 153 S. W. 95, where the factual situation was strikingly similar to the present case, we said: '' 'When, therefore, the court is asked to lend its aid to put the infant into the custody of the father and to withdraw it from other persons, it will look into all the circumstances and ascertain whether it will be for the real, permanent interest of the infant;

and if the infant be of sufficient discretion, it will also consult its personal wishes. It will free it from all undue restraint and endeavor as far as possible to administer conscientious duty with reference to its parental welfare. It is an entire mistake to suppose that a court is at all events bound to deliver over an infant to its father, or that the latter has an absolute vested right in its custody.' ''

The decree is reversed with directions to restore the care and custody of these children to appellant with the privilege to appellee to visit them at all reasonable times and for proceedings consistent with this opinion, including support money, costs in both courts to be paid by appellee.

The Chief Justice not participating.

WARD, J., (dissenting). I cannot agree with the last paragraph of the majority opinion which gives appellee, the father of the two children, only ''the privilege . . . to visit them at all reasonable times . . .'' It is true that the father allowed the children to be placed with their foster grandmother but it also appears that at the time he did so he was not in position to keep them himself. It is not disputed that the father now has a home and that his character is such that he would not exercise any bad influence on the children. To my mind it is very unjust for this court to deny him the privilege of having the children with him in his home for a reasonable period of time when they are not in school. This right to a parent has been recognized many times by this court. See *Burnett* v. *Clark,* 208 Ark. 241, 185 S. W. 2d 703; *Drewry* v. *Drewry,* 214 Ark. 540, 216 S. W. 2d 888; *Caldwell* v. *Caldwell,* 156 Ark. 383, 246 S. W. 492; and *Kirby* v. *Kirby,* 189 Ark. 937, 72 S. W. 2d 817.