McLAIN *v.* JOHNSON.

5-374 266 S. W. 2d 829

Opinion delivered April 5, 1954.

[Rehearing denied May 3, 1954.]

J. B. Reed, for appellant.

John R. Thompson, for appellee.

MINOR W. MILLWEE, Justice. The sole issue presented by this appeal is the correctness of the trial court's refusal to change the permanent custody of a three-year-old girl from the maternal grandmother to a paternal aunt.

Aleta Ann Gordon's parents were killed in an automobile accident in October, 1951. Appellee, Mrs. Aileen Johnson, is the child's maternal grandmother and resides at Griffithville, Arkansas. Appellant, Mrs. Lorene G. McLain, is the child's paternal aunt and lives at Ft. Smith, Arkansas. They filed rival petitions in the probate court seeking appointment as guardian of the person and for permanent custody of Aleta Ann. Pending a final hearing on these petitions, temporary custody was awarded first to appellee for six months and then to appellant for a shorter period. After an extensive hearing on March 20, 1953, an order was entered dismissing appellant's petition and fixing permanent custody in the appellee, with the right of appellant to have the child for a two weeks visit in the summer. There was a further provision that Mr. and Mrs. J. L. Gordon of Lonoke, Arkansas, paternal grandparents of said child, should have certain rights of visitation every two weeks. On February 15, 1954, we sustained appellee's motion to dismiss the appeal from the order of March 20, 1953, because it was filed too late.

On June 19, 1953, appellant petitioned the probate court to divest appellee of permanent custody of the child and invest same in appellant. As grounds therefor, she alleged that appellee had disobeyed the order of March 20, 1953, in two respects: (1) appellee had failed to place and keep the child under the care of an eye specialist; and (2) she had refused to permit the child to visit in the home of the paternal grandparents, Mr. and Mrs. J. L. Gordon. Following a brief hearing on August 14, 1953, an order was entered dismissing appellant's petition but awarding custody of the child to the paternal grandparents for 10 days and fixing their right of visitation as in the original order of March 20, 1953. Mr. and Mrs. Gordon are not parties to this appeal from the order of August 14, 1953.

Counsel for appellant filed his brief herein prior to dismissal of the appeal from the first order of March 20, 1953, and his contentions for reversal are based largely on testimony adduced at the first hearing. We may not consider this evidence in determining whether the trial court erred in refusing to change custody in the order of August 14, 1953, but are necessarily confined to the record of the latter hearing. In this connection it is argued that appellee has shown a callous disregard of the child's eye condition and the court's order that she be kept under the care of a specialist. It was in evidence that the child had been taken to a specialist in Fort Smith twice by the appellant and to a specialist in Little Rock twice by the appellee. Letters from both doctors were introduced at the August hearing in which each advised the necessity for surgery in cooler weather, but advised against it prior to October, 1953. Both letters indicated that no present treatment was needed. On the question whether appellee had denied visitation privileges to Mr. and Mrs. Gordon, Mr. Gordon testified that visits were refused. This conclusion was predicated on two post cards written to the Gordons by appellee on May 25 and June 4, 1953, which were introduced. While the contents of these cards indicate appellee's displeasure with the week-end visits, they did not amount to an outright re-

fusal of such visits. It was stated in the first card that the child had "to have her shot like she takes every month of May each year", and in the second that, "Aleta Ann and I still have a little cold." Mr. Gordon frankly admitted on cross-examination that no effort had been made to obtain the child which was refused by appellee, and Mrs. Johnson stoutly disclaimed any such intent to defy the court's order. Appellant admitted that she obtained the child from appellee for the two weeks summer visit without any trouble. With commendable frankness, it is also conceded that the good character of appellee and her genuine affection for the child are in no manner questioned by appellant. There is nothing to indicate any ill feeling between any of the parties involved in this controversy.

A universal rule in these cases is that the trial court, in awarding the custody of an infant child or in modifying such award thereafter, must keep in view primarily the interest of the child. *Phelps* v. *Phelps*, 209 Ark. 44, 189 S. W. 2d 617. But it is also well settled that a decree fixing the custody of a child is final on the conditions then existing and should not be changed afterwards unless on altered conditions since the decree, or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child. *Weatherton* v. *Taylor*, 124 Ark. 579, 187 S. W. 450.

After hearing the evidence adduced on August 14, 1953, the trial court concluded that it was insufficient to show such a material change in conditions affecting the child's welfare as would warrant an order changing the permanent custody from appellee to appellant. We cannot say this finding is against the weight of the evidence.

Affirmed.

HOLT and ROBINSON, JJ., dissent.