BOUNDS *v.* DUNN.

5-2578                         353 S. W. 2d 20

Opinion delivered January 22, 1962.

*Harold L. Hall,* for appellant.

*Byron Goodson* and *Gordon B. Carlton,* for appellee.

NEILL BOHLINGER, Associate Justice.   The appellant and appellee were formerly husband and wife and are the parents of two children, Debra and Richard Kent Dunn. In 1959 the appellee filed suit for divorce from the appellant in the Sevier Chancery Court where he was awarded a decree of divorce with custody of the two minor children, the eldest of which is six years of age and the younger one four years old.

The portion of the decree placing the custody of the children in the appellee provided that the children should be maintained in the home of appellee's brother and sister-in-law, Mr. and Mrs. Durden Dunn of DeQueen, Arkansas. They have been and are now being maintained there at the expense of the appellee.

The appellant filed a petition in the Sevier Chancery Court requesting a modification of that part of the decree awarding custody of the children.

The record in this case reflects that the home provided for the children is in the neighborhood of the appellee's parents and that appellee resides about 200 yards

from his brother's home where the children are maintained and that his work is such that he is enabled to spend a part of each morning with them. There is no complaint made that they are not comfortably housed and it appears that they are enjoying a wholesome life with religious training and that the proper educational facilities will be accorded them as they become old enough to attend school.

To change this condition, the appellant alleges that since her divorce from the appellee she has remarried to Mr. William Bounds who is the father of four children by his divorced wife and that he, in his divorce decree, was awarded the custody of these children. The appellant further testified that she now resides in Little Rock where she and her present husband are gainfully employed and that they have a two-bedroom apartment with kitchen, bath and living room and that she and her present husband contemplate at sometime in the future acquiring a larger house.

In 17A Am. Jur., Divorce and Separation, § 838, p. 32, it is succinctly stated that:

"A party seeking modification of a divorce decree provision for custody of a child on the ground of changed conditions bears the burden of proof of changed conditions warranting a modification in the interest of the child. The evidence which was considered in the original proceedings is proper matter for consideration on an application for modification, so that the court can see what was formerly adjudged and determine whether a substantial change of circumstances has since occurred."

The burden then being upon the appellant, the chancellor was required to weigh the original decree awarding the custody of the children with the prospects that are offered in appellant's presentation in behalf of her petition.

In *Meyers* v. *Meyers,* 207 Ark. 169, 179 S. W. 2d 865, this court said:

"We do not have before us the testimony in the original proceeding upon which the chancellor awarded the custody of the child to the father. We must assume that the chancellor's findings were correct and fully supported by the testimony, especially so since there was no appeal from the decree thus fixing the custody of the child. *Patterson* v. *Cooper,* 163 Ark. 364, 258 S. W. 988. The original decree awarding custody of the child to the father was an adjudication that at the time of the rendition thereof, the father and not the mother was the proper person to have the care, custody and control of the infant. While there is continuing authority in the court granting a decree of divorce to revise or alter orders contained in such decrees affecting custody and control of the minor children of the parties, such orders cannot be changed without proof showing a change in circumstances from those existing at the time of the original order, which changed circumstances, when considered from the standpoint of the child's welfare, are such as to require or justify the transfer of custody from one parent to the other. *Weatherford* [sic Weatherton] v. *Taylor,* 124 Ark. 579, 187 S. W. 450, *Nelson* v. *Nelson,* 146 Ark. 362, 225 S. W. 619; *Jackson* v. *Jackson,* 151 Ark. 9, 235 S. W. 47; *Stone* v. *Crofton,* 156 Ark. 323, 245 S. W. 827; *Hamilton* v. *Anderson,* 176 Ark. 76, 2 S. W. 2d 673; *Kirby* v. *Kirby,* 189 Ark. 937, 75 S. W. 2d 817."

While the court might review conditions obtaining when the original order was made, we do not find it necessary to go beyond the matters arising since the entry of the divorce decree. The main fact upon which appellant predicates her petition is the fact that she has since remarried to a man with four children of his own, with the joint earnings of the couple being sufficient to maintain the husband and wife and the six children. We find nothing that would convince the chancellor that provision is made for the care of the six-year-old girl and four-year-old boy while their mother and stepfather are absent from the home and at their places of employment and we note an absence of proof that religious training and educational advantages have been planned or con-

templated by the appellant. The main points in appellant's plea are that she has remarried and she wants her children. We feel sure that the chancellor weighed that portion of her plea in the light of the fact that while she had visitation privileges, as long a period as seven months passed without her visiting her children.

In these matters the desire of the parent for the child, which is a natural emotion, is secondary. Children of tender ages are but helpless hostages given to fortune in an environment or condition which is not of their making and in which they would be helpless indeed were it not for the conscience of Chancery.

The chancellor denied the petition for change of custody and in that we think he is amply supported by the facts reflected by this record. His decree is, therefore, in all things affirmed.