TURNER *v.* DODGE, CHANCELLOR.

4-8467                                                    208 S. W. 2d 467

Opinion delivered February 23, 1948.

*Pearce & Pearce,* for petitioner.

*Yingling & Yingling,* for respondent.

*Per Curiam.* This is an original proceeding by petitioner, S. L. Turner, seeking a writ of prohibition to restrain the chancellor of the First District from making further orders, other than the granting of the writ, in a *habeas corpus* proceeding instituted by petitioner against Mae Turner, his wife, for possession of their two-year-old child.

In his complaint in the *habeas corpus* action petitioner's claim for possession of the child was based upon a decree of the circuit court of Lee county, Alabama, entered on September 5, 1947, awarding petitioner custody of the child. Mae Turner filed an answer and cross complaint denying the allegations of the complaint and asserting her right to the custody of the child and to a divorce from petitioner. On motion of petitioner that part of the cross complaint relating to divorce was stricken and on November 10, 1947, the case was set down for further hearing on the question of the child's custody. On November 20, 1947, petitioner filed the instant pro-

ceeding here to prohibit the chancellor from proceeding further and requesting this court to grant the writ of *habeas corpus.*

While the decree of a court of a sister state awarding the custody of a child is final on the conditions then existing, it is not *res adjudicata* in that it may not be subsequently modified by a court of this state having jurisdiction of the person, where conditions and circumstances have changed since rendition of the original decree and the best interests of the child require a modification. *Hamilton* v. *Anderson,* 176 Ark. 76, 2 S. W. 2d 673; *Tucker* v. *Turner,* 195 Ark. 632, 113 S. W. 2d 508; *Keneipp* v. *Phillips,* 210 Ark. 264, 196 S. W. 2d 220; *Gregory* v. *Jackson, ante,* p. 363, 205 S. W. 2d 471.

The trial court, therefore, had jurisdiction to determine whether conditions arising subsequent to the rendition of the Alabama decree warrant a modification of the original order of custody. If this question of fact is erroneously decided by the trial court, this error may be corrected by appeal or *certiorari,* and prohibition is not the proper remedy. *Twin City Lines, Inc.,* v. *Cummings, Judge, ante,* p. 569, 206 S. W. 2d 438; *McGuffey* v. *Haynie, Chancellor, ante,* p. 739, 208 S. W. 2d 10.

The petition for writ of prohibition is, therefore, denied.