JOHNSTON *v.* JOHNSTON (WIDENER)

5-735                                                    283 S. W. 2d 151

Opinion delivered October 31, 1955.

*Kirsch, Cathey & Brown,* for appellant.

*Foster Clarke* and *Penix & Penix,* for appellee.

LEE SEAMSTER, Chief Justice. The appellant, Shirley Johnston, and the appellee, Sylvia Johnston (Widener) were married on July 20, 1940. Three children were born to said marriage, Donna Jean, now 7 years of age; Shirley Ann, now 14 years of age; and Walter Ray, now 12 years of age. On December 31, 1949, Shirley Johnston was granted a divorce from Sylvia Johnston. The divorce decree awarded the appellant absolute custody of the three minor children. The appellee agreed in writing that the father should have absolute custody of the three children. Since that date the children have lived in the home of their paternal grandparents, also appellants herein.

On March 30, 1954, the appellee filed a petition in Craighead Chancery Court, Western Division, asking that the original divorce decree be modified to give her custody of her three minor children. Upon trial of this cause on April 16, 1955, the chancery court modified its original decree and awarded custody of Donna Jean to the appellee; leaving the custody of Shirley Ann and Walter Ray with the appellant, Shirley Johnston. Appellants have appealed from that portion of the modified decree that awarded custody of Donna Jean to the appellee. The appellee has perfected a cross-appeal from that portion of the modified decree which left custody of the two older children with the appellants.

On appeals, such as this, the case comes to us for trial de novo. The party who seeks the modification of a divorce decree, awarding custody of minor children, assumes the burden of showing such changed conditions as would justify such modification in the minor's interests.

It is well established by numerous decisions of our court that before a change in custody is justified, the moving party must show a change in conditions since the initial award and it must appear to be for the best interest of the children. In *Thompson* v. *Thompson*, 213 Ark. 595, 212 S. W. 2d 8, we said: "While any order as to custody of a child is subject to future modification by

the court making it, the rule, uniformly adhered to by us, is that before such modification may be made it must be shown that, after the making of the original order, there has been such a change in the situation as to require, in the interest of the minor, the change to be made, or it must be shown that material facts affecting the welfare of the child were unknown to the court when the first order was made."

We said in *Kirby* v. *Kirby,* 189 Ark. 937, 75 S. W. 2d 817: "It is the well-settled doctrine in this state that the chancellor, in awarding the custody of an infant child or in modifying such award thereafter, must keep in view primarily the welfare of the child . . . A decree fixing the custody of a child, is, however, final on the conditions then existing and should not be changed afterwards unless on altered conditions since the decree, or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child." See, also, *Phelps* v. *Phelps,* 209 Ark. 44, 189 S. W. 2d 617.

In the case at bar the appellee has failed to show any of the above mentioned matters. In 1949, Shirley and Sylvia Johnston were living in their home. Mr. Johnston secured a divorce from his wife, when he discovered that she had become enamored of another man. The testimony shows Mr. Johnston procured the divorce from appellee on the basis of an entry of appearance, signed by appellee, in which she agreed that absolute custody of the three children should be awarded to Mr. Johnston. Since that date, the children have lived in the home of their paternal grandparents.

The appellant, Shirley Johnston, has not remarried and works in St. Louis, Missouri. He spends about every other week end, in addition to his vacations, with his three children in the home of his parents. Mr. Johnston has made satisfactory arrangements with his parents for the support and maintenance of the children in their home. The grandparents are devoted to the three children and have given them a good home and surroundings,

with necessary schooling and proper religious training. Their general fitness to care for the children appears unquestioned. Strong ties of affection have been allowed to develop between the children and the appellants during the 5 years that have elapsed since the appellee voluntarily surrendered custody to the father. The children have developed strong ties of love and affection for each other.

Since the divorce, the appellee has married the man of whom she was enamored. She and her husband now reside in a five room apartment in Chicago, Illinois. This apartment is shared with four relatives of the appellee and her husband. Since the divorce from the appellant, the appellee has visited the children about 3 or 4 times each year. Her visits were of a short duration, most of the time for only 30 or 40 minutes. Until the present suit was filed, appellee made no formal complaint as to the care and treatment these children were receiving at the hands of their father and grandparents.

After a careful review of the testimony, we find no substantial change in conditions affecting the welfare of these children, since custody was awarded appellant. The facts and circumstances in the instant case do not warrant the conclusion that appellants are unfit persons to have custody of Donna Jean. The chancellor recognized this by allowing the father to retain custody of the two older children. Both appellant and the grandparents are apparently able to furnish a suitable home for the three children. Unless exceptional circumstances are involved, this court has indicated that young children should not be separated from each other by dividing their custody. See *Vilas* v. *Vilas,* 184 Ark. 352, 42 S. W. 2d 379. Under all the circumstances, we have concluded that the permanent welfare of the children would be best served by allowing appellants to have custody of all three children.

The appellee shall have at all times the right of reasonable visitation. She will have to win back, if she can, the affection and respect of the children. The ap-

pellants will be ordered not to interfere with the mother's efforts in this respect or in any other way, so long as appellee conducts herself in a proper manner.

We affirm that portion of the modified decree that allows the appellant to retain custody of the two older children. That part of the modified decree awarding custody of Donna Jean to the appellee is accordingly reversed and the cause remanded with directions to award such custody to the appellant, Shirley Johnston.