HARRIS *v.* GILLIHAN.

5-867                                                287 S. W. 2d 569

Opinion delivered March 5, 1956.

*Barrett, Wheatley, Smith & Deacon, M. P. Watkins* and *Frank Sloan,* for appellant.

*James E. McDaniel* and *W. B. Howard,* for appellee.

MINOR W. MILLWEE, Associate Justice. Appellant and appellee were married in Poinsett County in 1946 and two sons were born to them who are now six and eight years of age. Appellant has been a professional soldier in the U. S. Army since 1940 and stationed in Japan for

the past several years. When appellee indicated that she intended to secure a divorce in March, 1952, appellant obtained an emergency leave from the army in Japan and returned to Poinsett County where he filed suit for divorce and custody of the two children. Appellee entered her appearance in the suit which she did not contest and a decree was entered May 7, 1952, granting appellant a divorce on the ground of general indignities and awarding him custody of the children with the understanding that they were to be left with appellant's stepmother, Mrs. L. F. Collins, at Harrisburg, Arkansas. A week later appellee married L. B. Gillihan, her present husband, who was divorced from his first wife on May 6, 1952.

Appellant married a Japanese national, whom he had known for about a year, in November, 1953, and they have since resided in a Japanese section of Tokyo. In May, 1955, appellee learned that appellant was about to take the children to Japan to live and filed a petition to restrain such action and to modify the divorce decree, alleging changed conditions since the rendition of the decree which rendered it for the best interest of the children that she be given their custody. This appeal is from a decree granting appellee's petition.

At the beginning of the hearing on the petition for modification of the original decree it was stipulated that appellant intended to take the children to Japan to live for approximately a year and the pleadings and much of the testimony were directed to that issue. However, at the conclusion of the testimony appellant abandoned this request and asked that the children be left in the care of his stepmother.

According to the proof, appellee resided with her present husband in Missouri, where he was stationed as a soldier, for nearly two years after their marriage. She gave this as the primary reason for her rather infrequent visits with the children, which were rendered somewhat difficult and unsatisfactory by directions of appellant to Mrs. Collins. While there was circumstantial evidence of an illicit relationship between appellee and her present

husband prior to her divorce, there was no evidence of promiscuity and appellant frankly conceded she was a good mother to their children.

There was some corroboration of appellee's testimony to the effect that she was ill and unable to work and properly care for the children at the time of the original decree and for a year thereafter. At the time of the instant hearing she resided on an 80-acre farm near Jonesboro with her present husband who has sufficient income to properly support the children and is anxious to do so. Appellee has also regained her health and ability to work and care for the children. Although Mrs. Collins stated that she would be glad to continue caring for the children, whose support was being paid for by government allotments, she approved of the father taking them to Japan to live and there is little evidence of that strong bond of mutual affection that is frequently shown to have developed between children and natural grandparents who have had their custody for a considerable period of time.

The rule is that a decree fixing the custody of a child is final on conditions then existing and should not be changed afterwards unless on altered conditions since the decree was rendered or on material facts existing at the time of the decree, but unknown to the court, and then only for the welfare of the child. *Weatherton* v. *Taylor*, 124 Ark. 579, 187 S. W. 450; *Phelps* v. *Phelps*, 209 Ark. 44, 189 S. W. 2d 617. The chief concern in all custody cases is, of course, the welfare and best interest of the child. Where a child of tender years is involved courts are also ordinarily reluctant to deprive a mother of custody, unless it clearly appears that she is not a fit person to rear the child. We are unwilling to lay down the inflexible rule that the acts of indiscretion by a wife with a man she soon married after she was divorced forever brands her as a person unfit to have the custody of a young child where there is no evidence of promiscuity. We have held in several cases that a mother will not be denied custody of a child of tender years solely because of her infidelity to her husband where there are other circumstances which render such action detrimental to the child's wel-

fare. *Longinotti* v. *Longinotti,* 169 Ark. 1001, 277 S. W. 41; *Blain* v. *Blain,* 205 Ark. 346, 168 S. W. 2d 807; *Thompson* v. *Thompson,* 209 Ark. 734, 192 S. W. 2d 223.

We have repeatedly pointed out that since all these custody cases present a different factual situation none of them represents a direct precedent which is absolutely controlling in another. In his contentions that appellee failed to prove any material change in circumstances that justify modification of the original decree and that she has forfeited her right to custody, appellant relies heavily on the recent case of *Johnston* v. *Widener,* 225 Ark. 453, 283 S. W. 2d 151, but in that case strong ties of affection had developed between the three children and their natural grandparents over a five-year period. Also, conditions surrounding the mother's new home in another state were unsatisfactory and the advisability of separating the children by permitting the mother to take the youngest into the other state was a primary consideration.

While courts are always apprehensive as to the appropriate order to make in cases of this kind, we think a preponderance of the evidence supports the chancellor's conclusion that changed conditions since the original divorce decree affecting the welfare of these young children warranted a restoration of their custody to the mother.

Affirmed.