JOHNSTON *v.* WIDENER.

5-947                                                  289 S. W. 2d 520

Opinion delivered April 23, 1956.

*Kirsch, Cathey & Brown,* for appellant.

*Foster Clarke* and *Penix & Penix,* for appellee.

SAM ROBINSON, Associate Justice.   The appellant, Shirley Johnston, was granted a divorce from the appellee, Sylvia Johnston, now Sylvia Widener, in the Craighead Chancery Court on December 31, 1949.   By agreement, the father, Shirley, was given custody of the three children.   Later, Sylvia married Widener, and lives in Chicago with her husband.   On March 3, 1954, she filed a petition in the Arkansas court where the divorce was granted, alleging changed conditions, and asked that she be given custody of the children.   Three children are involved: Donna Jean, at that time seven years of age; Shirley, age fourteen; and Walter Ray, age twelve.   The mother's petition was granted by the chancellor to the extent of awarding her the custody of the youngest girl, Donna Jean.   The father, Shirley, who works in St. Louis, had placed the children with his father and mother who live in Arkansas, and they were allowed to retain custody of the two older children.   On appeal, *Johnston v. Widener,* 225 Ark. 453, 283 S. W. 2d 151, this court held that the father and his parents should be allowed to retain custody of all three children, but said further: "The appellee [Sylvia] shall have at all times the right of reasonable visitation.   She will have to win back, if she can, the affection and respect of the children."   On remand, the parties were unable to agree as to what would constitute "reasonable visitation," and it became

necessary for the chancellor to decide that point. The chancellor reached the conclusion that the mother should be permitted to have all three children with her in Chicago during the months of June and October each year; the school attended by the children is not in session during those months. It was further provided that the mother should make bond to return the children as directed. The father, Shirley, has appealed, contending that the chancellor has given the mother custody of the children for part time, which is not in accordance with the reasonable visitation privilege granted by this court.

At the hearing in the Chancery Court on the mother's petition for custody of the children, it has shown rather conclusively that she was not allowed to see the children at all except under the most difficult circumstances; that she had been accorded no privacy with the children, and, by reason of having been denied a normal relationship with the children, she had lost their affection to some extent. This court suggested that the mother should endeavor to win back the affection of the children, and the trial court was justified in reaching the conclusion that this could be done only by the children being with the mother, as indicated. In these circumstances, we cannot say that the trial court's order is anything other than a grant to the mother of reasonable visitation privileges.

Affirmed.