Carmen Lewis PETTY, as Successor Administratrix
and Sole Heir-at-Law of Major William LEWIS, Deceased
*v.* Tommy LEWIS and Ronald BURTON

84-225                                      684 S.W.2d 250

Supreme Court of Arkansas
Opinion delivered February 18, 1985

4

*Wood Law Firm,* for appellant.

*Brazil, Clawson & Adlong,* by: *William Clay Brazil,* for appellee Lewis; and *Wright, Lindsey & Jennings,* for appellee Burton.

DARRELL HICKMAN, Justice. This appeal concerns the estate of Major William Lewis. His daughter and sole heir, Carmen Lewis Petty, sued Tommy Lewis, the original administrator, and Ron Burton, the attorney for the estate. The suit was essentially for damages for breach of fiduciary duties and sought an accounting. After a thorough hearing, a special master found no impropriety but did find that Tommy Lewis owed the estate an amount to be offset by his administrator's fee and by a debt owed to him by Major Lewis. The master's nine page report was adopted by the Faulkner County Probate Court, and it is from those findings that Carmen Petty appeals. We affirm.

Major Lewis, a cattleman who owned and operated a livestock auction barn in Conway, Arkansas, died in October, 1977. He had no lineal heirs other than the appellant, Mrs. Petty, who is his illegitimate daughter. The probate court declared her to be Major Lewis' heir, and we affirmed in *Lewis* v. *Petty,* 272 Ark. 250, 613 S.W.2d 585 (1981).

Two days prior to Major Lewis' death, he held a sale at his barn. After the sale he wrote thousands of dollars in checks to the sellers of cattle. The checks were to be paid from a custodial account required by the Packers and

Stockyards division of the United States Department of Agriculture. It developed that the account did not have sufficient funds with which to pay the checks. Tommy Lewis, Major Lewis' nephew, who was the administrator of the estate, and George Hartje,[1] Major Lewis' attorney, made arrangements with the bank to hold the checks until sufficient funds could be amassed to pay the outstanding checks. All of Lewis' cattle and other assets were gathered, and the checks were paid. This is the basis for one of Mrs. Petty's chief contentions. The record reveals that gathering the assets was a monumental task.

Every witness who had access to Major Lewis' books testified that his records were inaccurate and incomplete. His former bookkeeper had to be hired by the estate to interpret those books and determine which of the accounts receivable were valid. No records were kept of Major Lewis' cattle and they had to be found. Even the attorney who represented Mrs. Petty at the time testified that Tommy Lewis had done a commendable job in marshalling Major Lewis' assets and in being totally cooperative with Mrs. Petty during his administration.

During the appeal of *Lewis* v. *Petty, supra,* in October, 1980, Mrs. Petty fired her attorney and hired her present counsel. At that point an inventory and an accounting had been filed. Another accounting had been made and circulated among the parties but, inadvertently, was not filed until the trial of this case. After Mrs. Petty was determined to be Major Lewis' sole heir, Tommy Lewis was relieved as administrator and Mrs. Petty was appointed. That was on June 2, 1981. No objection was made to any action by Tommy Lewis or Ron Burton until September 27, 1982, when this action was filed.

The suit sought a final accounting by Tommy Lewis and made 16 specific allegations of wrongdoing which included contentions as to the inventory being filed late and

---

[1] Ron Burton, one of the appellees, was George Hartje's associate and assumed Hartje's responsibilities for handling the estate when Hartje was appointed to the bench in January, 1979.

6

the second inventory not being filed at all. Additionally, the suit alleged breach of fiduciary duties by Tommy Lewis and Ron Burton. The special master heard extensive testimony from the parties and numerous other witnesses. With respect to the inventory, he concluded that the estate was in such disarray that it would not have been possible to file an inventory in 60 days. He also found that although the second accounting should have been filed, Mrs. Petty's attorney had knowledge of it, no objection to it was filed, all the records were turned over to Mrs. Petty, and there was no evidence of any damage to the estate. As to the prayer that Tommy Lewis be ordered to file a final accounting, the master found that Tommy Lewis turned over all records for the estate at the time Mrs. Petty was appointed administratrix, and that no demand was made for a final account. He found, therefore, that Mrs. Petty waived her right to demand a final accounting and that it would be useless to order one at that late date.

The special master, after reviewing all the evidence, also found that there was no negligence in the handling of the custodial account, as had been alleged by Mrs. Petty. He observed that it appeared that Mrs. Petty believed she might receive a windfall by the estate being found wrong in honoring the checks written by Major Lewis. In summary, the special master found no evidence of bad faith or fraud on the part of either of the appellees.

On appeal Mrs. Petty makes several arguments that ignore that, in reality, there has been as complete an in-court accounting as possible. The parties that were responsible for the administration of the estate were under oath and, except for the expenditures made by Tommy Lewis found to be unnecessary, there was no evidence upon which Mrs. Petty could be found to be entitled to damages. The fact that an accounting was not duly filed and that other formalities were not strictly observed does not entitle Mrs. Petty to recover. Mrs. Petty was not able to show what could have been revealed by forcing Tommy Lewis to submit a final accounting. The master concluded that all information was given to Mrs. Petty, and to simply order Tommy Lewis to file a form would be pointless.

To support her arguments that information was withheld from her, Mrs. Petty claimed that Lewis had an interest in a trucking partnership that was unaccounted for. An offer was made to Mrs. Petty to sell that interest in the partnership which was rejected by her. This matter is in litigation in a separate case and any interest owned by Major Lewis will certainly be awarded to his estate. Mention was also made of real estate that should have been accounted for. The witnesses answered every question asked in this regard and Mrs. Petty was unable to show any wrongdoing.

Several arguments are made on appeal as to the handling of the custodial fund. Again, the special master investigated the actions of the administrator and George Hartje thoroughly and concluded that only Major Lewis' just obligations had been paid. There is nothing in the record which would lead us to a different finding.

Mrs. Petty has been unable to demonstrate any wrongdoing on the part of the appellees. The evidence totally supports the finding that Tommy Lewis was honest and forthright with Mrs. Petty in every way. Indeed, it was his testimony that made it possible for her to establish heirship in her former lawsuit. He testified there that she was Major Lewis' daughter and had always been treated as such.

We agree with the trial court's finding that Mrs. Petty is entitled to no relief other than the specific findings made in her favor in the master's report.

Affirmed.