James Ray CANADY *v.* Connie A. CANADY

84-292                                    687 S.W.2d 833

Supreme Court of Arkansas
Opinion delivered April 15, 1985

379

*Stripling & Morgan,* by: *Dan Stripling,* for appellant.

*Mark Cambiano,* for appellee.

DARRELL HICKMAN, Justice. The primary question on appeal in this divorce case is the division of property which James Canady, the appellant, owned before the marriage. After hearing extensive testimony, the chancellor concluded that "the parties mixed their assets and obligations as well as

their joint efforts to the extent that it becomes clear to this court that the parties are each equitable and joint owners of the other's property." Consequently, the chancellor ordered all real and personal property sold and the proceeds divided equally. We must reverse the decree as to the property division for reasons we explain.

One of the tracts of land ordered sold was 123 acres of land which James Canady received pursuant to his divorce from his first wife. The decree awarded the land to him and his two daughters as joint tenants with right of survivorship. The chancellor found, however, that Mr. and Mrs. Canady purchased that land. That was clearly wrong. Since his daughters were not parties to the divorce proceedings, their interests could not be ordered sold. See *Cole* v. *Cole,* 168 Ark. 381, 270 S.W.2d 593 (1925). Without the daughters' consent, the only way to affect their interests would be by partition. See Ark. Stat. Ann. § 34-1801 (Supp. 1984). The ownership that Mr. Canady shared with his daughters was not only of the land but also that of a dairy operation, the buildings, equipment and cattle, all of which was ordered sold. Although it is sometimes possible in such cases to determine the party's interest in jointly owned property and take that into consideration in dividing the property as was suggested in *Riegler* v. *Riegler,* 243 Ark. 113, 419 S.W.2d 311 (1967), there was no substantial evidence in this case from which the chancellor could make such a finding. The chancellor will have to determine the scope of the entire dairy operation and land and its value at the time of the marriage of the Canadys as well as its worth at the time of the divorce. We cannot make that determination from the record before us.

Another question concerns the ownership of a 101 acre tract. In 1973 James Canady inherited a one-sixth interest in the land with his brothers and sisters. He bought their interests in November, 1975, before he married Mrs. Canady. Mrs. Canady claims they used her money to make the purchase. The divorce decree recites that this land was purchased by both parties in Mr. Canady's name. The chancellor's findings ignore the fact that Mr. Canady had a prior interest in the land.

It is our judgment that the chancellor did not give due deference to the statutory requirements pertaining to property acquired by parties prior to marriage in dividing the real property. Ark. Stat. Ann. § 34-1214(A)(1) and (2) (Supp. 1984) provides:

All marital property shall be distributed one-half [½] to each party unless the court finds such a division to be inequitable, in which event the court shall make some other division that the court deems equitable taking into consideration (1) the length of the marriage; (2) age, health and station in life of the parties; (3) occupation of the parties; (4) amount and sources of income; (5) vocational skills; (6) employability; (7) estate, liabilities and needs of each party and opportunity of each for further acquisition of capital assets and income; (8) contribution of each party in acquisition, preservation or appreciation of marital property, including services as homemaker; and (9) the federal income tax consequences of the Court's division of the property. When property is divided pursuant to the foregoing considerations the court must state its basis and reasons for not dividing the marital property equally between the parties and such basis and reasons should be recited in the order entered in said matter.

All other property shall be returned to the party who owned it prior to the marriage unless the court shall make some other division that the court deems equitable taking into consideration those factors enumerated in subparagraph (A) above, in which event the court must state in writing its basis and reasons for not returning the property to the party who owned it at the time of the marriage.

While the chancellor's findings touched on some reasons for his decision and while the record may contain enough evidence to justify his order and equal division, except for the 123 acres and dairy, the statute is explicit regarding specific findings if there is any deviation from returning non-marital property to the original owner. The reasons given must be sufficiently specific. See eg. *Davis* v.

*Davis,* 270 Ark. 180, 603 S.W.2d 900 (Ark. App. 1980); *Glover* v. *Glover,* 4 Ark. App. 27, 627 S.W.2d 30 (1982).

Both parties were previously married. James Canady and Connie Canady began living together in the spring of 1974 and were married December, 1976. James Canady was not divorced from his first wife until October of 1974. James Canady took some part in operating the dairy and was a long haul truck driver until 1979. Connie had considerable sums of money which she had inherited from her first husband and received from other sources. She operated the dairy and contributed substantially to their living expenses and the obtaining, maintenance, and development of the marital property. The chancellor found that Mrs. Canady contributed a total of $161,000. Our total of her contribution from the record is approximately $150,000. Her contribution to the *marital property* will have to be determined exactly or nearly so. *Potter* v. *Potter,* 280 Ark. 38, 655, S.W.2d 382 (1983).

We reverse and remand for a retrial of that part of the decree relating to the division of property.

Normally, we decide chancery cases *de novo* and do not remand them for retrial. However, on the record before us, we cannot fairly determine the interests of the parties. That division can only be made on the basis of specific findings as directed by Ark. Stat. Ann. § 34-1214. Sometimes where a case is extremely complicated and an accounting would consume an inordinate amount of the court's time, a special master is appointed. See *Petty* v. *Lewis,* 285 Ark 3, 684 S.W.2d 250 (1985).

James Canady also argues that the introduction of various documents relating to Connie Canady's income was error since in some instances they could not be traced to James. We find that introduction of these documents was not an abuse of the court's discretion since they were relevant to the issue of what funds Connie Canady had available to her to contribute to the marriage.

We agree with James Canady that the court erred in

excluding testimony by H. C. Wallace that he deposited $12,000 in Canady's account. The chancellor refused to admit the proffered testimony without physical documentation of the deposit. That is a misconception of the best evidence rule. Unif. R. Evid. 1002. When a transaction occurs where a written record is made, it is not necessary to produce the record where there is testimony to prove the transaction. It is only where the writing itself must be proved that the writing must be produced. 5 Weinstein's Evidence Par. 1002 [03] (1984).

Reversed and remanded.