Susan C. NIX *v.* Gary P. NIX

CA 85-428                              706 S.W.2d 403

Court of Appeals of Arkansas
Division II
Opinion delivered April 2, 1986

220

*Vaughan & Bamburg*, for appellant.

*Howell, Price, Trice, Basham & Hope, P.A.*, for appellee.

DONALD L. CORBIN, Judge. Appellant, Susan C. Nix and appellee, Gary P. Nix were divorced on October 31, 1983. By agreement, each party was given joint custody of the two minor children. Appellee brought this action on February 13, 1985, seeking a change of custody and appellant responded, seeking a change of custody to her. On September 19, 1985, the trial court ruled that the custody of the two minor children should be placed with appellee. We affirm.

Both parties agree that a material change in facts and circumstances occurred since the divorce because the joint custody arrangement resulted in an unstable environment for the children and was not in their best interests. The parties differ as to whom should be granted custody. The evidence summarized reveals that appellant began a sexual affair with a married man, Ralph Wiggins, shortly before her divorce from appellee in 1983. Subsequent to the entry of the divorce decree, appellant allowed Mr. Wiggins to stay overnight with her when he was in Little Rock. During the weeks the children were with appellant, Mr. Wiggins spent several nights a week with appellant. He was in the home when the children went to bed, but would be gone when the children got up in the morning. Appellant stated that when appellee filed his motion for change of custody on February 13, 1985, she voluntarily moved Mr. Wiggins out on March 9, 1985, and since that time has not allowed Mr. Wiggins nor any other male to stay overnight in her home when the children were present. Mr. Wiggins testified that he had not spent the night with appellant in the presence of her children since prior to March 11, 1985. He stated he had taken appellant and her children on a camping trip that spring but he slept in a tent while appellant and

her children stayed in the trailer. Both appellant and Mr. Wiggins testified that they did not plan to discontinue their relationship; however, neither made known any plans for marriage in the future. Both appellant and appellee had at one time smoked marijuana but alleged that activity had ceased. There was some testimony establishing that appellee and the children had spent an evening at the home of appellee's former girlfriend. Although appellee admitted to a former sexual relationship with her, there was no testimony that he cohabitated with her when his children were in the home. Relative to the general care of the children, the evidence reveals that both parties were adequately responsive to the general care of the minor children, although appellant did not believe that appellee looked after them as closely as she did.

Appellant raises six points for reversal. All six assignments of error concern either the legal basis of the custody award to appellee or the sufficiency of the evidence supporting the award.

It is well settled that this court will not reverse the findings of a chancellor unless they are clearly erroneous or clearly against the preponderance of the evidence. ARCP Rule 52(a). Where the credibility of witnesses appearing before the chancellor is concerned, this court attaches substantial weight to the chancellor's findings on material issues of fact. *Digby* v. *Digby*, 263 Ark. 813, 567 S.W.2d 290 (1978). The primary consideration in awarding the custody of children is the welfare and best interests of the children involved, and other considerations are secondary. *Id.* These same standards are applicable in a change of custody case. *Sweat* v. *Sweat*, 9 Ark. App. 326, 659 S.W.2d 516 (1983). As noted in *Ketron* v. *Ketron*, 15 Ark. App. 325, 692 S.W.2d 261 (1985), our courts have never condoned a parent's promiscuous conduct or life-style when such conduct has been in the presence of the child. The supreme court has held in *Johnson* v. *Arledge*, 258 Ark. 608, 527 S.W.2d 917 (1975), that the child's welfare is the controlling consideration and custody is not awarded as a reward to, or punishment of, either parent.

In reaching his decision in the instant case, the chancellor cited applicable case law and detailed his findings of fact in a memorandum letter opinion. The chancellor determined that, but for the adulterous affair between appellant and Mr. Wiggins,

both parties were essentially equivalent as far as their ability to care and provide for the children. He concluded that appellant's ongoing relationship with Mr. Wiggins was immoral, failed to set a proper example for the minor children and resulted in harm to the children. We believe the chancellor's decision was consistent with case law, and his findings concerning the facts and circumstances in this case are not clearly against the preponderance of the evidence. From our *de novo* review of the evidence adduced and the chancellor's detailed findings, we cannot say that the trial court allowed the adulterous conduct of appellant to so overshadow the proven facts and circumstances that it failed to consider the best interests of the children; that the chancellor's decision was exclusively based on his own personal religious beliefs; that the award of custody to appellee was so made as to punish appellant; or that the chancellor placed a biblical standard on appellant to repent and reform rather than considering whether appellant's conduct resulted in any harm to the children.

While we do not necessarily agree with the chancellor's reliance upon language utilized in *Polk* v. *State*, 40 Ark. 482 (1883), such reliance cannot be said to constitute reversible error. The trial court's memorandum letter opinion in the case at bar reflects that due consideration was given to the best interests of the children. Appellant relies upon our decision in a recent custody case, *Ketron* v. *Ketron*, 15 Ark. App. 325, 692 S.W.2d 261 (1985), as controlling here. We do not agree inasmuch as custody cases present different factual situations and none of them represents a direct precedent which is absolutely controlling in another. *See Harris* v. *Gillihan*, 226 Ark. 19, 287 S.W.2d 569 (1956).

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.