Oralyn Hamilton JAMES *v.* Mark Evan JAMES

CA 89-184                                    780 S.W.2d 346

Court of Appeals of Arkansas
Division II
Opinion delivered November 29, 1989
[Rehearing denied January 10, 1990.]

*Shackleford, Shackleford & Phillips, P.A.,* for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.,* for appellee.

DONALD L. CORBIN, Chief Judge. Appellant, Oralyn Hamilton James, appeals a decision of the Union County Chancery

Court refusing to grant her petition for a change of custody of her two minor children from appellee, Mark Evan James, to appellant. We find error and reverse and remand.

Custody of the minor children, Elizabeth and Christopher, was awarded to appellee upon entry of a decree of divorce on August 21, 1985, subject to appellant's right to visitation. Appellant field her petition for change of custody of July 11, 1988, and the matter was heard by the chancellor on September 23, 1988. On October 3, 1988, an order was entered denying appellant's request for a change of custody after the court concluded that there had been no material change in circumstances making it in the best interest of the children to do so. It is from this denial that this appeal arises.

For reversal, appellant raises the following points: 1) The trial court erred in holding inadmissible evidence that appellee was guilty of fraudulent embezzlement of funds while acting as personal representative of his father's estate; 2) the trial court erred in denying her petition for change of custody; and 3) the trial court erred in denying her motion for relief from order. Appellee cross-appeals from the court's denial of his counterclaim for child support.

Because we find that appellant's first point contains merit and warrants reversal and remand for a new trial, we will not address appellant's remaining points for reversal or appellee's argument on cross-appeal.

In her first point, appellant contends the court erred by sustaining appellee's objection to introduction of relevant and material evidence that appellee fraudulently embezzled funds from his deceased father's estate while acting in the fiduciary capacity of personal representative. We agree.

Appellant's proffer of the excluded evidence reveals testimony of appellee's mother and the family property settlement agreement evidencing appellee's admitted guilt of fraudulently depleting funds from his father's estate thereby depriving his mother and sister of their inheritance. Appellee's mother testified that she became suspicious of appellee's actions with regard to her husband's estate and hired a lawyer to audit the accounts managed by her son, appellee. Appellee became angered by his

mother's actions and refused to allow the children to continue their relationship with her. Fraud was established and an agreement to wind up the estate was entered with appellee's mother replacing him as personal representative of the estate. The agreement revealed that during his administration, appellee practiced fraud, misappropriation, and misuse of estate funds by executing for his personal use four promissory notes to the estate totaling $215,323.53. Appellee did not have any of the misappropriated funds at the time the estate was settled and therefore agreed to deed his office building and his interest in family-owned real property to his mother and sister. Additionally, appellee agreed to sign a $64,000.00 promissory note to his sister evidencing his indebtedness to her for her proportionate share of their father's estate. He agreed not to discharge or modify any of this obligation in bankruptcy proceedings; however, he eventually did so in violation of the agreement.

The court sustained appellee's objection to the above evidence on the grounds of relevancy. Arkansas Rule of Evidence 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. The appellate court does not reverse a chancellor's ruling on relevancy unless we find an abuse of the trial court's discretion. *Canady* v. *Canady*, 285 Ark. 378, 687 S.W.2d 833 (1985). Here, we find that the trial court abused its discretion by disallowing the introduction of evidence relating to appellee's fraudulent dealings with his father's estate since it was relevant to the ultimate issue of change of parental custody. Here, the proffered evidence reflects adversely on appellee's moral character. The morality of a parent is relevant to the best interest of the children and to the issue of parental custody. *See Nix* v. *Nix*, 17 Ark. App. 219, 706 S.W.2d 403 (1986).

Reversed and remanded.

COOPER and ROGERS, JJ., agree.